IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James P. Collins,            ) | CV-06-985-PHX-PGR (LOA) |
| Petitioner,     ) | **REPORT AND RECOMMENDATION** |
| vs.                                  ) | |
| Dora B. Schriro, et al.,     ) | |
| Respondents.  ) | |

This matter arises on Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (docket # 7)

**I. Factual and Procedural Background**

The following events gave rise to Petitioner's challenged convictions and sentences. On September 2, 2000, Petitioner was driving on the Bush Highway northeast of Phoenix, Arizona at nearly 90 miles per hour in a 30-mile-per-hour zone.  (Respondents' Exh. A) Petitioner failed to negotiate a sharp curve and collided with an oncoming Nissan Sentra.  After colliding with the Sentra, Petitioner's car spun off the road hitting and seriously injuring two uniformed Maricopa County Sheriff's officers who were parked on motorcycles on the side of the road monitoring traffic for unsafe drivers. (Respondents' Exh. A, Exh. O at 10-13, 37-38) Petitioner fled on foot.   When officers found Petitioner hiding under a tree, he denied being "the driver."  (Respondents' Exh. A at 2) Tests revealed that Petitioner had a blood alcohol

concentration of .161 percent as well as metabolites of marijuana in his blood. (Respondents' Exh. A)

The State of Arizona charged Petitioner with one count of leaving the scene of fatal or serious injury accident, a class 3 felony; two counts of aggravated assault, class 2 dangerous felonies; and four counts of endangerment, class 1 misdemeanors. (Respondents' Exh. A) Following trial in the Superior Court of Arizona, Maricopa County,[1] a jury convicted Petitioner as charged. (Respondents' Exh. A; Exh. B) On August 10, 2001, the trial court sentenced Petitioner to concurrent aggravated terms of 12.5 years imprisonment on the aggravated assault convictions, 340 days incarceration on the endangerment convictions, and five years probation for leaving the scene of a fatal or serious injury accident. (Respondents' Exh. A; Exh. B)

**A.  Direct Appeal and Post-Conviction Proceedings**

Petitioner filed a timely appeal challenging the trial court's failure to instruct the jury on the meaning of "intervening event." Petitioner claimed that he was not guilty of aggravated assault because the impact with the oncoming car caused the rear axle of Petitioner's vehicle to break off which caused his car to slide into the Maricopa County Sheriff's officers. (Respondents' Exh. A)  Petitioner claimed that axle breaking constituted an extraordinary and unforeseeable intervening event which caused the officers' injuries. (Respondents' Exh. A at 3) Petitioner further argued that the prosecutor had improperly cross-examined defense witnesses, and that there was insufficient evidence to support his conviction for leaving the scene of a fatal or serious injury accident. (Respondents' Exh. A)  On November 7, 2002, the Arizona Court of Appeals rejected Petitioner's claims and affirmed his convictions and sentences. (Respondents' Exh. A) Petitioner sought review in the Arizona Supreme Court which was denied on July 8, 2003.  (Respondents' Exh. C)

On August 1, 2003, Petitioner filed a notice of post-conviction relief pursuant to Ariz.R.Crim.P. 32.  (Respondents' Exh. D) Petitioner claimed that (1) his convictions and sentences on the two aggravated assault convictions were unconstitutional because the jury was

---

[1] The Honorable Alfred M. Fenzel presided.

- 2 -

not instructed on the specific offense element that elevated them from class 3 to class 2 felonies — specifically, that each assault had been committed upon a "peace officer engaged in the execution of official duties," A.R.S. § 13-1204(C); and (2) trial and appellate counsel were ineffective for failing to object to the trial court's failure to instruct the jury on that particular offense element. (Respondents' Exh. E) On April 19, 2004, the trial court summarily dismissed the petition finding that Petitioner did not raise any colorable claims. (Respondents' Exh. F)

Petitioner filed a petition for review with the Arizona Court of Appeals. Petitioner subsequently obtained a stay from the appellate court in order to file a supplemental petition for post-conviction relief in the trial court. (Respondents' Exhs. G, I) In the supplemental petition, Petitioner argued that his sentences on the aggravated assault convictions violated Blakely v. Washington, 542 U.S. 296 (2004). (Respondents' Exhs. H) The trial court dismissed the supplemental petition on the ground that Blakely did not apply retroactively to Petitioner's sentences which were final in 2002 long before Blakely was decided. (Respondents' Exh. J)

On June 16, 2005, the Arizona Court of Appeals denied review and the Arizona Supreme Court denied review of November 30, 2005. (Respondents' Exhs. K, L, M, N)

**B. Petitioner's Claims**

Thereafter, Petitioner filed the pending Petition for Writ of Habeas Corpus which Respondents concede is timely filed. (docket # 15 at 3-4) Petitioner raises the following claims: (1) his convictions and sentences on the two aggravated assault charges are unconstitutional because the jury was not instructed on the specific offense element that elevated them from class 3 to class 2 felonies — specifically, that each assault had been committed upon a "peace officer engaged in the execution of official duties," A.R.S. § 13-1204(C); and (2) trial and appellate counsel were ineffective for failing to object to the trial court's failure to instruct the jury on that particular offense element. (docket # 7)

Before seeking federal habeas corpus review, a state prisoner must exhaust available state remedies. 28 U.S.C. § 2254(b)(1). Petitioner properly presented both of these claims to the Arizona trial court, the Arizona Court of Appeals, and the Arizona Supreme Court. Respondents concede that Petitioner's claims are exhausted and properly before this Court.

1  (docket # 15 at 6)  The Court, therefore, will consider the merits of Petitioner's claims in view of applicable standard of review.

## II.  Standard of Review

A state prisoner "whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)." Price v. Vincent, 538 U.S. 634, 638 (2003).  Thus, a state prisoner is not entitled to relief unless he demonstrates that the state court's adjudication of his claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1),(2); Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003); Mancebo v. Adams, 435 F.3d 977, 978 (9th Cir. 2006).

Under the "contrary to" clause of § 2254(d), a federal habeas court may not issue a writ, unless the state court: (1) applied a rule of law "that contradicts the governing law set forth in [Supreme Court] cases," or (2) "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." Williams v. Taylor, 529 U.S. 362, 411 (2000).

A state court decision involves an "unreasonable application of" federal law if the court identifies the correct legal rule, but unreasonably applies the rule to the facts of a particular case. Williams, 529 U.S. at 405; Brown v. Payton, 544 U.S. 133, 141 (2005).  An incorrect application of state law is insufficient to satisfy this standard. Yarborough v. Alvarado, 541 U.S. 652, 665-66 (2004)(stating that "[r]elief is available under § 2254(d)(1) only if the state court's decision is objectively unreasonable.")  Under this standard, "[i]t is not enough that a federal habeas court, in its independent review of the legal question," is left with the "firm conviction" that the state court ruling was "erroneous." Id.;Andrade, 538 U.S. at 75. Rather, the state court decision "must be objectively unreasonable." Middleton v. McNeil, 541 U.S. 433 (2004); Andrade, 538 U.S. at 76.

The record in this case lacks a reasoned decision of the state courts on the issues raised in the pending habeas corpus petition because both the trial court and the appellate court summarily denied review of these claims on post-conviction review. In such a case, the federal habeas court "must assume that the state court has decided all the issues and perform an 'independent review of the record' to ascertain whether the state court decision was objectively unreasonable." <u>Reynoso v. Giurbino</u>, 462 F.3d 1099, 1109 (9th Cir. 2006)(citations omitted). Even if the state court neither explained its ruling nor cites United States Supreme Court authority, the reviewing federal court must nevertheless examine Supreme Court precedent to determine whether the state court reasonably applied federal law. <u>Early v. Packer</u>, 537 U.S. 3, 8 (2003). The United States Supreme Court has expressly held that citation to federal law is not required and that compliance with the habeas statute "does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." <u>Id.</u> The Court will consider Petitioner's claims in view of the foregoing principles.

**III. Analysis**

Petitioner asserts several claims stemming from the trial court's failure to instruct the jury on the offense element that elevated the aggravated assault charges from class 3 felonies to class 2 felonies. Specifically, the trial court did not instruct the jury that an assault had been committed upon a "peace officer engaged in the execution of any official duties." A.R.S. § 13-1204(c).

**A. Omitted Jury Instruction**

In his first claim for relief, Petitioner argues that the trial court erred in failing to instruct the jury on the offense element that elevated the aggravated assault charges to class 2 felonies. Specifically, Petitioner claims that trial court should have instructed the jury on the offense element that each aggravated assault was committed upon a "peace officer engaged in the execution of any official duties." A.R.S. § 13-1204(C). The record reflects that the court did not instruct the jury on that offense element. (Respondents' Exh. P at 64-65)

The United States Supreme Court has held that the inadvertent omission of an offense element from a jury instruction is subject to harmless error review and does not warrant

- 5 -

1  relief unless defendant suffers prejudice as a result of the omission. Neder v. United States, 527
2  U.S. 1, 7-20 (1999); United States v. Cotton, 535 U.S. 625, 631-34 (2002)(holding that
3  inadvertently-omitted offense element did not warrant relief because defendant failed to object
4  at trial and the evidence presented at trial in support of that element was "overwhelming" and
5  "essentially uncontroverted.") A state court's failure to give an instruction alone does not present
6  a claim cognizable in federal habeas corpus proceedings. Dunckhurst v. Deeds, 859 F.2d 110,
7  114 (9th Cir. 1988).  Rather, "the error must so infect the entire trial that the defendant was
8  deprived of his right to a fair trial guaranteed by the due process clause of the Fourteenth
9  Amendment." Id.  The court's failure to give an instruction is less likely to result in prejudice
10 than a misstatement of the law.  Walker v. Endell, 850 F.2d 470, 475-76 (9th Cir. 1987)(citing
11 Henderson v. Kibbe, 431 U.S. 145,155 (1977)). Accordingly, a habeas petitioner whose claim
12 is based on the omission of an instruction bears "'an especially heavy burden.'" Villafuerte v.
13 Stewart, 111 F.3d 616, 624 (9th Cir. 1997)(quoting Henderson, 431 U.S. at 155). "It is the rare
14 case in which an improper instruction will justify reversal of a criminal conviction when no
15 objection has been made in the trial court." Henderson, 431 U.S. at 154.

16         In this case, Petitioner did not object at trial to the omission of the offense element
17 instruction. (Respondents' Exh. P)  Additionally, the evidence at trial on this offense element
18 was overwhelming and uncontroverted. The evidence established that the two injured Maricopa
19 County Sheriff's officers were in uniform, parked on the side of the highway, monitoring traffic
20 for DUI and speeders. (Respondents' Exh. O at 10-13, 36-38) The evidence was uncontroverted
21 that both officers were engaged in official duties when they were injured. Officers Eric
22 Andrewson and William Hindman testified that the were  working that day as part of a "task
23 force at the Salt River Bush Highway area by Saguaro Lake," monitoring traffic "for DUI and
24 speeders," and that they were wearing  Maricopa County Sheriff's uniforms and helmets and
25 were seated on marked police motorcycles.  (Respondents' Exh. O at 10-13, 37)  Hindman
26 testified that he and Andrewson were both engaged in their official capacities as peace officers
27 when Petitioner collided with them in his vehicle.  (Respondents' Exh. O at 37)  Petitioner did
28 not challenge the officers' testimony that they were peace officers engaged in official duties at

1 the time of the incident. (Respondents' Exh. O) In view of the officers' uncontroverted
2 testimony, no reasonable jury would have failed to find that Officers Andrewson and Hindman
3 were engaged in their official duties at the relevant time. Accordingly, the trial court's failure
4 to instruct the jury on that offense element was harmless error. <u>Cotton</u>, 535 U.S. at 633 (finding
5 that reversal is not required when evidence in support of omitted element was overwhelming
6 and uncontroverted).

7 Moreover, Petitioner did not suffer any prejudice by the absence of the offense
8 element instruction because the evidence at trial overwhelmingly established that the Maricopa
9 County Sheriff's Officers were engaged in their official duties at the time of the incident. In
10 view of the foregoing, the trial court's failure to instruct the jury on the offense element at issue
11 does not warrant habeas relief.

### B. Ineffective Assistance of Counsel

13 In his second and third grounds for relief, Petitioner argues that trial and appellate
14 counsel were ineffective for failing to challenge the trial court's failure to instruct the jury
15 regarding the offense element that the aggravated assaults were committed upon "peace
16 officer[s] engaged in the execution of any official duties," A.R.S. § 13-1204(C). To
17 demonstrate ineffective assistance of counsel, a petitioner must establish that counsel's
18 performance was objectively deficient and that counsel's deficient performance prejudiced the
19 petitioner. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). To be deficient, counsel's
20 performance must be "outside the wide range of professionally competent assistance."
21 <u>Strickland</u>, 466 U.S. at 690. Counsel has no duty to raise legally frivolous claims. <u>Jones v.
22 Barnes</u>, 463 U.S. 745, 751 (1983). In assessing performance, courts afford a strong presumption
23 that counsel rendered adequate assistance and exercised reasonable professional judgment in
24 making decisions. <u>Strickland</u>, 406 U.S. at 690. "A fair assessment of attorney performance
25 requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct
26 the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's
27 perspective at the time." <u>Bonin v. Calderon</u>, 59 F.3d 815, 833 (9th Cir. 1995). The test has
28 nothing to do with what the best lawyers would have done. Nor is the test even what most good

lawyers would have done. We ask only whether some reasonable lawyer at trial could have acted, in the circumstances, as defense counsel acted at trial. Coleman v. Calderon, 150 F.3d 1105, 1113 (9th Cir. 1998 ), *rev'd on other grounds,* 525 U.S. 141 (1998).

To show prejudice, petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; Ortiz v. Stewart, 149 F.3d 923, 934 (9th Cir. 1998). The court may proceed directly to the prejudice prong. Jackson v. Calderon, 211 F.3d 1148, 1155 n. 3 (9th Cir. 2000)(citing Strickland, 466 U.S. at 697). The court, however, may not assume prejudice solely from counsel's allegedly deficient performance. Jackson, 211 F.3d at 1155; United States v. Gonzalez-Lopez, ___U.S.___, 126 S.Ct. 2557, 2563 (2006)(stating that "a violation of the Sixth Amendment right to effective representation is not 'complete' until the defendant is prejudiced.")

Petitioner claims that trial and appellate counsel were ineffective in failing to object to the trial court's failure to instruct the jury regarding an offense element. As previously discussed, the uncontroverted evidence at trial overwhelmingly established that Officers Hindman and Andrewson were peace officers who were engaged in their official duties when the incident occurred. Thus, had the court instructed the jury on the offense element, the jury would have found that element satisfied. Thus, any objection at trial or on appeal would have been futile. Counsel is not ineffective for failing to raise a meritless claim. Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996)(stating that "the failure to take a futile action can never be deficient performance."); Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999)(stating that "failing to pursue a futile tactic does not amount to constitutional ineffectiveness."); Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999)(stating that "[i]f the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance.").

In view of the foregoing, the state courts' rejection of Petitioner's claims of ineffective assistance of counsel did not amount to an unreasonable application of Strickland to Petitioner's case. Petitioner, therefore, is not entitled to habeas corpus relief.

**IV. Conclusion**

Based on the foregoing, the Court finds that Petitioner's claims lack merit and there is no basis for granting habeas corpus relief.

Accordingly,

IT IS HEREBY RECOMMENDED that Petitioner's Amended Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 (docket # 7) be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 25th day of April, 2007.

Lawrence O. Anderson
United States Magistrate Judge

- 9 -